THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| CARLA WILLIAMS FINLEY, | ) | Case No. 08-01674-TBB-13 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| CARLA WILLIAMS FINLEY, Individually and on behalf of all other similarly situated persons, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AP No. 08-00192-JJR |
| | ) | |
| CARRINGTON MORTGAGE SERVICES, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER DENYING CLASS CERTIFICATION AND DENYINIG MOTION TO SUPPLEMENT COMPLAINT**

I – Introduction

There are two critical questions the court needs to answer in this aspiring class action adversary proceeding (the "AP"): First, may a bankruptcy judge, a non-article III judicial officer, exercise jurisdiction over a nationwide class action, bankruptcy adversary proceeding? Second, may a debtor-plaintiff, who commenced an adversary proceeding in her first bankruptcy case, amend her complaint after the dismissal of that first case, to add claims for damages based on events that occurred in a later-filed case? As explained below, the answer to both questions is no.

Although the pertinent facts underlying the claims and defenses of the parties are not

1

Case 08-00192-JJR    Doc 260    Filed 02/09/16    Entered 02/09/16 16:04:18    Desc Main
Document    Page 1 of 16

complicated, the parties' pleadings and the proceedings in this court have been somewhat cluttered and convoluted, no doubt because of the length of time this AP has been pending without final rulings on either class certification or the debtor-plaintiff's third attempt to amend – or as she calls it, "supplement" – her AP complaint.  Thus, only the facts and procedural events that influenced the court's findings and conclusions are discussed in this opinion.[1]

## II – Background

Carla Williams Finley ("Finley"), the plaintiff and putative class representative in this AP, has filed three successive chapter 13 cases in this court.  Her first was filed on April 9, 2008, and was dismissed for failure to make plan payments on March 19, 2012.  The second case was filed the next day, and it too was dismissed for the same reason on November 21, 2014.  The third case was filed on March 25, 2015 and remains pending.[2]  On July 29, 2008, during Finley's first case, she commenced the instant AP by filing a Complaint for Damages, Declaratory and Injunctive Relief (AP Doc. 1) against her home-mortgage servicer, Carrington Mortgage Services, LLC ("Carrington").  The AP was filed as a class action pursuant to Rule 7023 of the Federal Rules of Bankruptcy Procedure (collectively the "Rules" and individually, a "Rule"), but no class has been certified.  Previously, the AP had been assigned to two different judges, and

---

[1] The court has jurisdiction over this AP pursuant to 28 U.S.C. §§ 157(a), (b) and 1334(a), (b), and the General Order of Reference, as amended, issued July 16, 1984 by the U.S. District Court, Northern District of Alabama.  This AP is a core proceeding and the court may enter final orders and judgments pursuant to 28 U.S.C. § 157(b).

[2] The three chapter 13 cases were assigned, respectively, case numbers 08-01674-TBB, 12-01362-TBB, and 15-01173-MAM.  The Order Dismissing Case (Bk Doc. 164) entered by Judge Bennett in the first chapter 13 case preserved the pending AP, and stated: "Further, pursuant to *In re Morris*, 950 F.2d 1531 (11th Cir. 1992), this Court retains jurisdiction over Adversary Proceeding 08-00192-TBB, Finley v. Carrington Mortgage Services, LLC, and the dismissal of the bankruptcy case will not be collateral estoppel or *res judicata* as to the Adversary Proceeding."  The Order dismissing the second chapter 13 case contained no such preservation language.

2

has now been assigned to a third judge, the undersigned.[3]

III – Finley's Claims

On October 27, 2008, before Carrington responded to the original AP Complaint, Finley filed an Amended Complaint (AP Doc. 10 and herein, the "First Amended Complaint"). The First Amended Complaint alleged Carrington assessed various unauthorized and unapproved fees and charges against Finley's residential mortgage account. Finley claimed the alleged assessments (i) violated the automatic stay imposed by sections 362(a)(3), (5) and (6) of the Bankruptcy Code;[4] (ii) required that Carrington be held in contempt for violations of Code §§105, 362, 502 and 506, and Rule 2016; (iii) entitled her to equitable relief for unjust enrichment and disgorgement; (iv) violated Rules 2016 and 3001; and (v) were grounds for an objection to Carrington's proof of claim. Finley claimed she was entitled to recover actual, compensatory and punitive damages, her legal fees and costs, and injunctive relief. According to Finley, the wrongful assessments were undisclosed, and included pre- and post-petition charges that were never approved by the bankruptcy court. She alleged that similar assessments had been made by Carrington against the mortgage accounts of other putative debtor-class members throughout the United States in their bankruptcy cases.

Finley was not content with her First Amended Complaint: On September 28, 2009 she filed a Motion to Amend the Complaint (AP Doc. 118) with the proposed Second Amended Complaint attached as an exhibit. Also on the same date Finley filed an Amended Motion for Class Certification (AP Doc. 119) and thereafter, on November 30, 2009, she filed a Second

---

[3] Finley's first chapter 13 case and the AP were originally assigned to Judge Thomas B. Bennett, and following his retirement the AP was assigned for a short while to Judge Margaret A. Mahoney. The AP was finally assigned to the undersigned judge on November 18, 2015 (AP Doc. 257).

[4] 11 U.S.C. § 101 *et seq.*, and herein the "Bankruptcy Code" or the "Code."

3

Amended Motion for Class Certification (AP Doc. 124).

IV – Summary Judgment and Remaining Claims

On June 26, 2009 Carrington filed a Motion for Summary Judgment (AP Doc. 88), and Finley filed Motions for Partial Summary Judgment and Class Action Certification (AP Docs. 90, 92). Judge Thomas B. Bennett, the original judge to whom the AP was assigned, issued a Final Judgment (AP Doc. 122) on October 29, 2009 with respect to, *inter alia,* Carrington's and Finley's motions for summary judgment (AP Docs. 88, 90). The Final Judgment addressed claims asserted in the First Amended Complaint (AP Doc. 10) that arose in connection with the 2008 case, but it did not mention Finley's Motion to Amend the Complaint pursuant to a Second Amended Complaint (AP Doc 118) or her Amended Motion for Class Certification (AP Doc. 119), both of which were filed while the parties' motions for summary judgment were being considered by Judge Bennett.

Judge Bennett's Final Judgment (AP Doc. 122) granted summary judgment in favor of Carrington with respect to (i) claims for violation of the automatic stay imposed by Bankruptcy Code § 362(a)(5); (ii) claims for contempt in connection with prepetition costs, fees, and charges; (iii) claims for unjust enrichment and disgorgement; (iv) claims under Rule 3001 involving prepetition costs; (v) claims for violation of Rule 2016; and (vi) the objection to the proof of claim filed by Carrington in the 2008 case. That left pending (i) claims for violation of the automatic stay imposed by Code § 362(a)(3) and (6) (i.e., stay against attempt to control estate property and stay against enforcement of a prepetition claim); (ii) claims for violation of Rule 3001 in connection with postpetition costs, fees, and other charges; (iii) claims for contempt as to postpetition costs, fees, and charges; (iv) claims for injunctive relief; and (v) perhaps most significantly, whether the court would certify the AP as a class action.

4

Case 08-00192-JJR    Doc 260    Filed 02/09/16    Entered 02/09/16 16:04:18    Desc Main
Document      Page 4 of 16

As mentioned, while the parties' motions for summary judgment were pending, Finley filed a motion to amend her complaint a second time (AP Doc. 118), and soon after Judge Bennett's ruling on summary judgment, he granted Finley's motion to file her Second Amended Complaint. (AP Doc. 152.)[5] In her Second Amended Complaint (AP Doc. 150), Finley asserted additional claims for violations of Rule 2016 – requiring disclosure and court approval of compensation and expenses – and Rule 3001 – specifying the form and content of proofs of claim. And like the previous complaints, the Second Amended Complaint was based on Carrington's conduct during Finley's 2008 case.

For the most part, under the Second Amended Complaint, the issues have now been narrowed to whether the billing statements sent to Finley during her 2008 case (and to other members of the putative debtor-class during their pending chapter 13 cases) were impermissible postpetition demands for payment of fees and costs, thereby constituting stay violations, and whether they included duplicate charges already shown on Carrington's proofs of claim.

V – Previous Denial of Class Certification

On January 19, 2010, Judge Bennett entered an Order (AP Doc. 134) denying Finley's Second Amended Motion for Class Certification (AP Doc. 124).[6] But on February 10, 2010,

---

[5] The hearing on the Motion to Amend was held on February 2, 2010. Apparently Judge Bennett announced at the hearing that he intended to grant the motion, and in anticipation of a favorable ruling Finley filed her Second Amended Complaint (AP Doc. 150) on February 9, 2010, one day before the Order granting the Motion Amend was entered. The Order Granting the Motion to Amend (AP Doc. 152), however, refers explicitly to the Motion to Amended Complaint at AP Doc. 118, to which the proposed Second Amended Complaint was attached as an exhibit.

[6] The day before the Order denying class certification was entered, Finley filed her *Corrected* Second Amended Motion for Class Certification (emphasis added) (AP Doc. 131, the "Corrected Motion"). Inasmuch as Judge Bennett's Order denying class certification was entered the day after the Corrected Motion was filed, the denial of class certification must be interpreted as applying to both the Second Motion for Class Certification and the Corrected

5

soon after he denied class certification, Judge Bennett, as mentioned above, issued an Order (AP Doc. 152) granting Finley's Motion to Amend the Complaint – the Second Amended Complaint (AP Doc. 118). Significantly, the Order permitting Finley to file the Second Amended Complaint was issued soon after Judge Bennett had denied class certification. The transcript of the hearing confirms that while he would not certify a nationwide class, Judge Bennett intended for Finley to have another opportunity for district-wide class certification, this time under her Second Amended Complaint. On April 9, 2010 Finley filed a Third Amended Motion for Class Certification and on July 31, 2013 filed an Amended Motion for Class Certification (AP Docs. 168, 212), neither of which have been ruled on by any judge.

VI – Supplemental Complaint

On March 6, 2014, Finley filed a Motion to Supplement Complaint along with her proposed Supplemental Complaint attached as an exhibit (AP Docs. 236, 237). No judge has ruled on the Motion to Supplement Complaint. If allowed, the Supplemental Complaint would further amend the AP complaint for a third time, and add claims against Carrington based on alleged violations of the automatic stay, and for contempt and injunctive relief, and for violations of Rule 2016 and Rule 3002.1.[7] All the new claims asserted in the Supplemental Complaint are

---

Motion; there is nothing in the record to indicate otherwise.
     There have been six motions filed seeking class certification: AP Doc. 92, Plaintiff's Motion for Class Certification filed June 26, 2009; AP Doc. 119, Plaintiff's Amended Motion for Class Certification filed September 28, 2009; AP Doc. 124, Plaintiff's Second Amended Motion for Class Certification filed November 30, 2009; AP Doc. 131, Plaintiff's Corrected Second Amended Motion for Class Certification filed January 18, 2010; AP Doc. 168, Plaintiff's Third Amended Motion for Class Certification filed April 9, 2010; and AP Doc. 212, Plaintiff's Amended Motion for Class Certification filed July 31, 2013. The motions filed at AP Docs. 92, 119, 124 and 131 were either expressly or implicitly denied by the Order entered at AP Doc. 134. The most recent two motions (AP Docs. 168, 212) have never been ruled on, and therefore, are being considered in this Opinion.

    [7] Rule 3002.1 was added to the Rules by the 2011 Amendments and was not in effect

6

based on events that took place during Finley's 2012 case. Although the 2012 case was active when Finley filed the Motion to Supplement Complaint, it has since been dismissed and Finley has now commenced her third chapter 13 case. Finley argues that those allegations she seeks to add, dealing with actions taken by Carrington during the 2012 case, are an extension of the conduct at issue in the 2008 case, and should be brought into the AP for purposes of allowing all grievances to be addressed in one forum, and asserts that the allegations are merely an "update" to the Second Amended Complaint. Finley correctly points out that in many instances, bankruptcy courts retain jurisdiction over adversary proceedings, particularly for violation of the automatic stay, despite dismissal of the underlying bankruptcy case, as indeed Judge Bennett did here when Finley's 2008 case was dismissed. No judge has ruled on Finley's Motion to Supplement Complaint.

Carrington responds by arguing that allowing the 2008 AP to remain open after the dismissal of the underlying 2008 chapter 13 case was meant to address and remedy any stay or Rules violations that occurred during the 2008 case. *See In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009). Carrington points out, however, that no authority contemplates an adversary proceeding being kept open after dismissal of its underlying bankruptcy case for purposes of adding claims seeking money damages for stay or Rules violations in a subsequent case filed by the same debtor. This Court agrees there is a dearth of any such authority, but more importantly, agrees that a remedy that includes money damages for violations that may have occurred in subsequent chapter 13 cases (that is, any of Finley's cases following the 2008 case) must be pursued by filing a new adversary complaint in the case that was pending when the violation occurred. In other words, claims for damages that arose during an active chapter 13 case must be

---

except during the last few months of Finley's 2008 case.

7

pursed in an adversary proceeding filed in the case in which the violation or other wrongful act occurred, and may not be included or otherwise joined in an adversary proceeding commenced in a previously dismissed case regardless of whether the already-commenced adversary proceeding survived the dismissal of the case in which it was originally filed.

The court is not saying that a stay violation in a previous case may not be raised by a debtor in a subsequent case. For example, if a creditor violated the stay in a previous case by conducting a mortgage foreclosure sale against the debtor's property without first obtaining stay relief – a violation of Code § 362(a)(4) and (5) – the debtor may raise the stay violation to support her claim that the sale was void and, therefore, the property purportedly sold at the foreclosure sale is property of the estate in a subsequent case. But if she seeks money damages for the stay violation pursuant to Code § 362(k), she must assert that claim in an adversary proceeding commenced in the bankruptcy case in which the violation occurred. Claims seeking money damages for stay violations are in the nature of contempt for disobeying a court's order, and must be pursued in the case in which that order, e.g. the stay, was issued and not in a subsequent case or independent action.[8]

VII – Pending Class Certification Motions

Rule 7023 states that Rule 23 of the Federal Rules of Civil Procedure ("F.R. Civ. P.") applies to bankruptcy adversary proceedings, and F.R. Civ. P. 23(c) provides that, "At an early practicable time after a person sues . . . as a class representative, the court must determine by order whether to certify the action as a class action." Although class certification was previously

---

[8] Rules 3001(c)(2)(D)(i) and (ii), and 3002.1((i)(1) and (2) provide that a court may "preclude [a creditor who fails to comply with the Rule] from presenting the omitted information [required to be disclosed by the Rule], in any form, as evidence in any contested matter or adversary proceeding *in the case* . . . or . . . award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure." (emphasis added).

8

denied by Judge Bennett on January 19, 2010, no orders have been entered either granting or denying the later-filed Third Amended Motion for Class Certification and Amended Motion for Class Certification (AP Docs. 168, 212, the "Pending Certification Motions").[9] It has been over seven years since this AP was commenced as a proposed class action, and it is high time that class certification was resolved once and for all.

On January 19, 2010, Judge Bennett presided over a hearing on Finley's Second Amended Motion for Class Certification (AP Doc. 124). On that same day, he entered an Order (AP Doc. 134) denying the Second Amended Motion for Class Certification, based upon the findings and conclusions set forth on the record (transcript at AP Doc. 167). In his findings and conclusions, Judge Bennett pointed out the split in authority, cited by the parties, on the issue of nationwide class certification under Rule 9023 and found that a bankruptcy court does not have authority to certify a nationwide class for a variety of reasons. Those reasons included the exclusive jurisdiction over property of the estate that is vested in the "home court" – the court where the underlying bankruptcy case was filed – under 28 U.S.C. § 1334 (a), (b), and (e); the allocation of jurisdiction between district courts and bankruptcy courts under 28 U.S.C. § 157; the conflict between Rule 9023 class certification and the automatic stay under the Bankruptcy Code – the statutory stay would be violated by an injunction issued by a non-home court that asserted control over a cause of action which was property of the estate; as well as the Bankruptcy Code provisions authorizing only the home court to order the appointment and compensation of professionals, which likewise conflicts with the provisions of Rule 9023 on those same topics.

---

[9] The court considers the Pending Certification Motions as seeking certification of a class as defined in the most recent version at AP Doc. 212, although it differs materially from the version in the Second Amended Complaint.

9

Specifically, Judge Bennett cited *Alcantara v. Citimortgage, Inc.* (*In re Alcantara*), 389 B.R. 270 (Bankr. M.D. Fla. 2008) (class was designated by the plaintiff as only those debtors within the home district); *Guetling v. Household Financial Services, Inc.*, 312 B.R. 699, 704 (M.D. Fla. 2004) ("[I]t appears clear that this Court cannot have jurisdiction over Household's actions concerning debtors involved in bankruptcy proceedings in other federal district courts. To the extent those alleged out-of-district class members have claims arising from their bankruptcy proceedings in other districts, those districts are the proper locations to bring those claims or to potentially pursue actions for contempt of any court orders."); *Williams v. Sears, Roebuck and Co.* (*In re Williams*), 244 B.R. 858, 866 (S.D. Ga. 2000), *aff'd* 34 Fed. Appx. 967 (11th Cir. 2002) (Table) ("If the claims raised by Plaintiff on behalf of the putative members of the debtor class are 'property' of each individual debtor's bankruptcy estate, § 1334(e) prohibits this Court—or any court other than '[t]he district court in which [the] case under title 11 is commenced or pending' for that matter—from exercising jurisdiction over that property."); and *Cline v. First Nationwide Mortgage Corp. (In re Cline)*, 282 B.R. 686, 695 (W.D. Wash. 2002) ("The claims of the putative class members must be brought in the courts where their own bankruptcies are pending. Although Rule 7023 provides for the maintenance of class actions, Rule 9030 expressly cautions that the 'rules shall not be construed to extend . . . the venue of any matters' brought in the bankruptcy courts. . . . To say that the automatic stay is not an individually crafted order and that, therefore, violation claims need not necessarily be brought in the court where the violation occurred ignores the meaning of a 'case' and a 'proceeding' and the vested interest a court has in punishing those who disobey its orders.").[10]

---

[10] The court is also sensitive to the Supreme Court's implicit directive to bankruptcy judges that they exercise restraint before expanding their reach beyond the historical and constitutional confines of bankruptcy jurisdiction. *Cf. Stern v. Marshall*, ---U.S.---, 131 S. Ct.

Those cases indeed support Judge Bennett's ruling that this court does not have the jurisdiction to certify a nationwide class. He further distinguished *Noletto v. Nationsbanc Mortgage Corp. (In re Noletto)*, 244 B.R. 845 (Bankr. S.D. Ala. 2000), and similar cases as not having addressed the issues he saw with allowing procedural rule provisions to trump contradictory statutory provisions, at least insofar as the automatic stay, and employment and compensation of professionals were concerned. He went on to rule that the then-current class definition was too broad insofar as it went back too far in time and did not sufficiently describe the fees and costs or correctly define "arrearages" and said that it was possible that the class definition could be improved upon and limited to "within the district" but declined to certify the class even within the district under the definition as it then stood. Finley then moved for leave to pursue a direct interlocutory appeal (AP Doc. 145), the resolution of which is unclear from the docket entries and was not mentioned by any party in the subsequent filings, at least as far as this judge can determine.

Further attempts to certify a class have been proposed, and none approved to date (AP Doc. 212 being the most recent). Finley, to represent a class, must satisfy the four requirements of F.R. Civ. P. 23(a): "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1307-08 (11th Cir. 2008). "These four requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation." *Id.* at 1308 (citing *Prado–Steiman ex rel. Prado v. Bush,* 221 F.3d 1266, 1278 (11th Cir. 2000)). In addition to satisfying

---

2594, 180 L. Ed. 2d 475 (2011).

those four requirements of F.R. Civ. P. 23(a), Finley must also establish at least one of the three requirements of F.R. Civ. P. 23(b):

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . .

F.R. Civ. P. 23(b). In her Second Amended Complaint (AP Doc. 150), Finley asserts that she qualifies as a class representative because she satisfies F.R. Civ. P. 23(b)(1) "or" (b)(2), and also that (b)(3) is satisfied. However, in her Reply at AP Doc. 251, she says she is seeking certification only under "Rule 23(b)(2)" and cites her Amended Motion for Class Certification at AP Doc. 212.

The undersigned judge agrees with, and will not disturb Judge Bennett's ruling denying certification of a nationwide class, which is the law of this AP in any event. The Eleventh Circuit did affirm the *Williams* decision, although only in a table decision, but this court finds the Eleventh Circuit's affirmation of *Williams*, albeit unpublished, to be strong persuasive authority for denying a nationwide class. This court further finds that district-wide certification is not warranted even after the latest amendment to the class definition because Finley fails to meet the

typicality and commonality requirements, while the class as defined fails to meet the numerosity requirement.

The most recent version of Finley's attempt to certify a class is as follows:

> All Carrington Mortgage Services, L.L.C. customers nationwide who are currently in active Chapter 13 cases who have had fee(s) and/or cost(s) assessed to their accounts by Carrington Mortgage Services, L.L.C. that were not disclosed to the Bankruptcy Court within six months of the fee(s) being assessed and who were sent monthly billing statements demanding payment of those same fee(s) and cost(s), or otherwise received a demand for payment, during the course of their cases.

(AP Doc. 212.) This differs from the class described in the operative Second Amended Complaint.

## VIII – Typicality and Commonality

"The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 157 n. 13 (1982). The Eleventh Circuit has further explained that "the commonality and typicality requirements of Rule 23(a) overlap. Both requirements focus on whether a sufficient nexus exists between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Prado–Steiman,* 221 F.3d at 1278.

"A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)." *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001). In addition, a class representative must be part of the class as defined. *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1307 (11th Cir. 2008) (explaining that the plaintiff

13

must be a member of the class and have the same interests and injury as the other class members). The instant AP deals with matters that occurred in connection with Finley's 2008 bankruptcy case. As this court has ruled in denying the Motion to Supplement Complaint, the instant AP is not the appropriate vehicle to address stay and Rule violations alleged to have occurred during the 2012 case, or the 2015 chapter 13 case, should there be any.

Accordingly, the actions taken by Carrington in Finley's "currently active" chapter 13 case (which would be her 2015 case) are not before this court in the instant AP. By defining the class in such a way as to limit it to debtors who have received a demand for payment during the course of their "currently active" chapter 13 cases, Finley has written herself out of the class, because by her own allegations in the Second Amended Complaint, she received the allegedly inappropriate demands for undisclosed fees not during her currently active case as required for class membership, but during her previous 2008 case (and, had the supplement to the complaint been allowed, even alleging the impropriety of actions taken in the 2012 case would not save the class because Finley is no longer active in that case, either). Therefore, Finley is not a member of the putative class she seeks to represent, and, therefore, is not an adequate class representative – her claims are not typical of, or common to the class as defined, falling entirely outside the class as defined.

IX – Numerosity

Even if Finley could overcome the "currently active" hurdle, and somehow become both a member and a typical representative of a district-wide class, there are simply too few class members to justify certification. The Affidavit of Tom Croft, attached as Exhibit A to AP Doc. 221, establishes that under the class as defined in the latest Certification Motion at AP Doc. 212, the maximum number of debtors in this district (the Northern District of Alabama) who received

14

Case 08-00192-JJR    Doc 260    Filed 02/09/16    Entered 02/09/16 16:04:18    Desc Main
Document      Page 14 of 16

the same billing-statement-with-disclaimer-wording demand for payment as Finley, would be six (as of September 3, 2013). Further, it is possible that not all of those six who received the same billing statement and disclaimer language as Finley actually had fees and costs assessed to their accounts but not disclosed within six months of accrual. Even assuming all six of those debtors are still in active cases during which the offending language was received, and even assuming they would all be class members otherwise, six is not sufficient to support class certification under Rule 7023(a)(1). *See Colomar v. Mercy Hospital, Inc.*, 242 F.R.D. 671, 675 (S.D. Fla. 2007) ("While there is no magic number of putative class members necessary to satisfy the numerosity standard, the Eleventh Circuit has indicated that more than forty class plaintiffs is generally enough to satisfy the rule. *See Cox v. Amer. Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir.1986). A plaintiff is not required to provide the exact size of the proposed class, only a reasonable estimate that the number is large enough to render joinder of the individual class members impracticable."). No reasonable argument can be made that six possible plaintiffs is enough to satisfy the numerosity requirement.

X – Order

Based upon the foregoing, it is ORDERED, ADJUDGED and DECREED as follows:

1. The Motion to Supplement Complaint (AP Doc. 236) is DENIED;

2. The Pending Certification Motions (AP Docs. 168 and 212) are DENIED;

3. This AP will proceed under the Second Amended Complaint (AP Doc. 150) only with respect to claims asserted by Finley individually, and NOT as a class representative, based upon events occurring during and with respect to Finley's 2008 chapter 13 case; and

4. A scheduling conference will be held in this AP on February 23, 2016 at 10:10 a.m., in the Robert S. Vance Federal Building, 1800 5th Ave. N., Courtroom 2, Birmingham, AL 35203.

So done and ordered this 9th day of February 2016.

/s/ James J. Robinson  
JAMES J. ROBINSON  
CHIEF U.S. BANKRUPTCY JUDGE